UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ELLEN FRANCIS LIVELY,<br>Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| AISIN U.S.A. MFG, INC.<br>Defendant. | ) CAUSE NO:<br>) 4:08-cv-0021-DFH-WGH |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now Plaintiff Ellen Francis Lively (hereinafter "Lively"), by counsel, and for her cause of action against Defendant Aisin U.S.A. Mfg., Inc. (hereinafter "Aisin") alleges and states as follows:

### I. NATURE OF THE CASE

1. Lively brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111 et seq., and Title VII of the Civil Right Act of 1964 (Title VII"), 42 U.S.C. §2000e et seq., as amended, for discrimination based on disability and for Aisin's actions in retaliating against her for the exercise of her rights under the ADA and Title VII.

### II. PARTIES

2. Lively resided within the Southern District of Indiana at all relevant times.

3. Aisin is an Indiana corporation that maintains offices and conducts business in Seymour, Indiana.

1

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), 42 U.S.C. §2000e-5(f)(3), and 42 U.S.C. §12117.

5. Aisin is an "employer" as that term is defined by 42 U.S.C. §1211(5)(A) and 42 U.S.C. §2000e(b).

6. Lively is an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

7. Lively is disabled. She previously filed a charge against Aisin with the U.S. Equal Employment Opportunity Commission ("EEOC") in 2006, which charge resulted in a settlement between the parties.

8. Lively satisfied her obligation to exhaust her administrative remedies in this matter by timely filing another charge (Number 420-2007-03130) with the EEOC, alleging retaliation for filing the previous charge. Lively received her Dismissal and Notice of Rights (**Exhibit A**) and timely filed the present Complaint within ninety (90) days of receipt of the Dismissal and Notice of Rights.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen in the Southern District of Indiana.

## IV. FACTUAL ALLEGATIONS

10. Lively has been employed by Aisin since March 2003, starting as a Manufacturing Specialist of Automotive Parts.

11. During 2006, Lively was on leave because of her disability. She filed a charge of discrimination when she was not allowed to return to work. That matter was settled in November 2006.

12. Lively returned to work as second-shift Scrap Monitor. The position is a desk job, although Lively is sometimes also given unrelated work to do, such as sorting springs or assembling parts.

13. The times Lively has been assigned to work do not correspond to any of the established shifts at Aisin.

14. Lively has been assigned to work in a dock area where scrap metal parts, paint, paint containers, chemicals, and chemical containers are dumped. Other workers (such as forklift drivers) are occasionally present in that area during her work hours, but most of the time she is alone in the area.

15. A large industrial fan blows outside air on her work area, with wind so strong that it blows paper off her desk. During cold weather, it is so cold in Lively's work area that she must wear two layers of clothing, a coat, a blanket, a hat, and gloves while working.

16. Lively has asked repeatedly that the fan be turned off, but it is off infrequently. When it is off, there are strong chemical odors that cause her to become ill.

17. Because of the unusual shift hours, Lively has found it difficult to get enough sleep, leading to shift work sleep disorder. In addition, her shift hours make it necessary to take off extra time when she has to visit doctors for treatment of her chronic illness.

18. Because of the location of her work area, Lively is isolated from other workers and her supervisor, and has often been unable communicate with her supervisor.

19. Aisin has not responded to Lively's requests that her working area and conditions be adjusted to resolve these issues.

20. Aisin has failed to respond to Lively's request for an accounting of her time off work and how it has been treated for purposes of FMLA leave. From time to time, Aisin has counted only half of the time that Lively has taken off to visit doctors as FMLA leave.

21. Lively has sometimes been required to take Paid Time Off in circumstances where other workers are not required to do so and where she has not been required to do so in the past.

22. Lively has suffered damages as a result of Aisin's unlawful actions.

## COUNT I – RETALIATION CLAIM

23. Lively incorporates paragraphs 1 through 22 as if they were set forth herein.

24. Aisin has retaliated against Lively for filing the charge with the EEOC in 2006 (see ¶ 7, *supra*) by requiring her to work a different shift than other workers, by physically isolating her from other workers, by requiring her to work in difficult physical conditions that adversely affect her health, and by treating her differently from other employees with regard to time off.

25. Aisin's unlawful actions are intentional, willful, and done in reckless disregard of Lively's rights as protected by Title VII and the ADA.

## COUNT II – ADA CLAIM

26. Lively incorporates paragraphs 1 through 22 as if they were set forth herein.

27. Lively has chronic illness that prevents her from engaging in major life activities.

28. Lively has requested reasonable accommodations so that she can perform her work and not have to take off as much time from work.

29. Aisin has failed and refused to discuss her request for accommodation.

30. Aisin's unlawful actions are intentional, willful, and done in reckless disregard of Lively's rights as protected by the ADA.

## V. REQUESTED RELIEF

WHEREFORE Plaintiff Ellen Francis Lively prays that a judgment be entered in her favor and against Defendant Aisin U.S.A. Mfg, Inc., and that she be awarded the following relief:

1. Actual and punitive damages;

2. That Aisin be ordered to reasonably accommodate her needs and correct the intolerable working conditions;

3. All costs and attorney's fees incurred as a result of bringing this action;

4. Pre- and post-judgment interest on all sums recoverable; and

5. All other legal and/or equitable relief that is lawful and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff Ellen Francis Lively hereby demands trial by jury in this cause.

Respectfully submitted,

_____
Thomas A. Berry #2719-53

_____
Jeffrey S. Ankrom #24781-53
BERRY & DOMER
701 N. Walnut St.
Bloomington, IN 47404
812.336.8300

_____
Robert C. Price #11708-28

_____
Mary M. Runnells #6236-28
PRICE & RUNNELLS
1329 S. High St.
Bloomington, IN 47401
812.334.8831